UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLLOWAY,

      Petitioner,

v.

DARRELL STEWARD,

      Respondent.

Case No. 88-cv-71422
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PETITIONER'S
## MOTION TO RE-OPEN CASE (ECF No. 26)

Petitioner Charles Holloway is a state prisoner in the custody of the Michigan Department of Corrections.  In 1988, he filed this habeas action seeking relief from his convictions.  The Court dismissed the action the following year because Holloway had failed to exhaust his state remedies.  On April 1, 2021 – more than thirty years later – Holloway returned to this Court and filed a motion to re-open this action so that he may pursue his habeas claims. (*See* Mot., ECF No. 26.)   The Court **DENIES** the motion because the claims Holloway seeks to present are time-barred by the applicable statute of limitations.

## I

Holloway first filed this habeas action in 1988.  He sought relief from his state-court convictions for first-degree, felony murder, Mich. Comp. Laws §

750.316, assault with intent to commit murder, Mich.  Comp. Laws § 750.83, first-degree criminal sexual conduct, Mich.  Comp. Laws § 750.520b, and felony-firearm, Mich. Comp. Laws § 750.227b.  The state trial court sentenced Holloway to life imprisonment for the murder conviction; concurrent prison terms of 15 to 35 years for the assault conviction and 10 to 30 years for the criminal sexual conduct conviction; and a consecutive term of two years in prison for the felony-firearm conviction.

On June 27, 1989, former United States District Judge Anna Diggs Taylor entered an order dismissing Holloway's habeas petition because he had not exhausted his state remedies for all of his claims. (*See* Order, ECF No. 29-1.[1])  It appears that she dismissed the petition pursuant the Supreme Court's holding in *Rose v. Lundy*, 455 U.S. 509, 522 (1982), that courts should dismiss habeas petitions that contain both exhausted and unexhausted claims. (*See id.*, PageID.32, citing *Rose*.)  Judge Taylor also entered judgment against Holloway that same day. (*See* Judgment, ECF 29-2.[2])  Judge Taylor did not state whether she was dismissing the case with

_____

[1] Judge Taylor's June 27, 1989, dismissal order is not available electronically on the Court's docket.  The Court was able to obtain copy of the dismissal order from long-term storage, but unfortunately the document is not fully legible.  The copy of the dismissal order that the Court was able to locate is located at ECF No. 29-1.

[2] As with the June 27, 1989, dismissal order, the judgment is not is not available electronically on the Court's docket.  The Court was able to obtain copy of the judgment from long-term storage, but unfortunately the document is not fully

prejudice or without prejudice.[3] (*See id.*) The Clerk of the Court subsequently closed this action. (*See* Dkt.)

There was no other activity in this case until March 1, 2021. At that time, Holloway wrote to the Clerk of this Court and inquired about the procedure for re-opening his case. (*See* Req., ECF No. 24, PageID.2.) Holloway stated in his note to the Clerk that he filed his habeas petition in August of 1986 and voluntarily dismissed the petition in February of 1987 to pursue additional state remedies.[4] (*See id.*) He claimed that he never received an adjudication of his federal issues and that he wanted to proceed with the claims that he raised in his initial habeas petition. (*See id.*) He then asked the Clerk to send him whatever documents he needed to re-open this case or to inform him if he had to file a motion to re-open the case. (*See id.*)

---

legible. The copy of the dismissal order that the Court was able to locate is located at ECF No. 29-2.

[3] The docket entry associated with the 1989 dismissal of Holloway's habeas petition says that judgment was entered *for* Holloway and *against* Respondent. (*See* Dkt.) That appears to be a clerical error. The actual judgment entered in connection with the dismissal simply says that the case was dismissed. (*See* Judgment, ECF 29-2.) The judgment does *not* say that judgment was entered in Holloway's favor.

[4] The dates referenced in Holloway's March 1, 2021, letter to the Court appear to be wrong. The Court's records show that he opened this federal habeas action in 1988, not 1986, and Holloway later used the correct dates in his pending motion to re-open this action. Respondent suggests that Holloway opened up a *different* habeas action in 1986, *see Holloway v. Fultz*, E.D. Mich. Case No. 86-73439, and that that petition was also dismissed for failure to exhaust state remedies. (*See* Resp., ECF No. 31 n. 1, PageID.42.)

On April 2, 2021, the Court ordered Holloway to show cause why his request to re-open this case should not be denied for failure to comply with the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), and Federal Rules of Civil Procedure 59(e) and 60(b).  (*See* Order, ECF No. 25.)   The Court subsequently received Holloway's motion to re-open this action.  (*See* Mot., ECF No. 26.[5])

In his motion, Holloway said that he initially filed his habeas petition in 1988, that in 1989 he asked for permission to dismiss his petition so that he could exhaust state remedies for a new issue, and that Judge Taylor granted his request. (*See id*., PageID.7.)   Holloway further explained that after Judge Taylor dismissed his petition, he had an altercation with a prison guard, and in retaliation, that guard and his friends destroyed all of Holloway's personal property, including his legal materials. (*See id*., PageID.7-8.)  Holloway claimed that the destruction of his legal materials caused the long delay in pursuing habeas relief in federal court. (*See id*., PageID.8.)  Holloway further argued that he is not subject to the one-year statute of limitations in AEDPA because AEDPA does not apply retroactively to cases filed before 1996, and he is asking to re-open his previously-filed habeas petition, not file

---

[5]  The motion was postmarked April 1, but not received until April 12, 2021. (*See* Mot., ECF No 26, PageID.12.)

4

a new petition. (*See id*.) He additionally asserted that the general provisions of Federal Rule of Civil Procedure 60 do not apply to his case. (*See id.*)

Holloway also filed a response to the Court's order to show cause. (*See* Resp. to Order to Show Cause, ECF No. 27.) In that response, Holloway repeated many of the same arguments that he made in his motion. He added that Judge Taylor dismissed his habeas petition without prejudice, and he suggested that he should be able to re-open this action because Judge Taylor did not dismiss it with prejudice. (*See id*, PageID.13-14.) And he further argued that the Court should re-open these proceedings because he is innocent of the crimes for which he is incarcerated. (*See id*., PageID.18.)

Holloway also offered additional information concerning why it took him so long to move to re-open these proceedings. He explained that after the prison guard destroyed his legal materials in 1990, he (Holloway) spent the next thirty years seeking transcripts and other records concerning his criminal case from the state courts. He said that the courts did not provide him with any transcripts or documents in response to his repeated requests. He insists that his inability to obtain these records prevented him from seeking to re-open this habeas proceeding earlier. (*See id*., PgID.15.)

However, Holloway has not presented any documentation that supports his assertion that he has been attempting to seek his trial transcripts and records for the past thirty years.  While he has submitted responses from state courts to his requests for records, those responses are from 2018 and 2019, and at least one of the responses states that it is addressing a request for records that Holloway made in 2019.[6]

## II

## A

The Court declines to re-open Holloway's habeas action because Holloway's claims for habeas relief are time barred under AEDPA.  AEDPA established a one-year deadline for state prisoners to file a federal habeas corpus petition. *See Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-610 (6th Cir. 2020) (explaining that "§ 2244(d)(1) imposes a one-year period of limitation for a state prisoner to file an application in federal court for a writ of habeas corpus").  The one-year limitation period ordinarily runs from the latest of the following four dates:

---

[6] The state trial court informed Holloway on May 4, 2018, that it could not produce the transcripts in his case because the court reporter's notes for his case were destroyed pursuant to a records retention and disposal schedule. (*See* Ex. to Resp. to Order to Show Cause, ECF No. 27, PageID.19.)  In addition, on November 19, 2019, the Michigan Court of Appeals informed Holloway that it had "received [his] Nov., 2019 request" for documents, but the "file [he] requested was no longer in possession of the Court of Appeals." (*Id.*, PageID.20.)  The Michigan Court of Appeals then referred Holloway to the Michigan State Archives. (*See id.*)  Holloway has not presented any evidence that he followed up with the State Archives.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In addition, where, as here, a state prisoner's conviction became final before AEDPA's enactment in April 1996, the prisoner had until one year following that enactment (or until April 24, 1997), to file a federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 631-32 (explaining that while "AEDPA provided no grace period for habeas corpus claims arising from convictions … that became final prior to the statute's enactment …. this Circuit [has] provided a one-year grace period for convictions that became final prior to April 24, 1996, the effective date of AEDPA").

Holloway's habeas claims are not timely. His conviction became final before AEDPA was enacted, and at the time of AEDPA's enactment, he did not have a habeas petition pending before the Court. Thus, he had until April 24, 1997, to file

7

a habeas petition. *See Griffin, supra.*  He did not meet that deadline.  Indeed, he did not file his current motion to re-open his habeas proceedings until 2021.  Thus, AEDPA's statute of limitations bars him from pursuing his habeas claims, and for that reason the Court will not re-open these habeas proceedings.

**B**

Holloway counters that the one-year statute of limitations in AEDPA does not bar his claims because he is not seeking to file a new habeas petition, and is instead moving to re-open and revive the petition that he timely filed in 1988.  But he has not cited any authority that supports the proposition that a motion to re-open a petition that was *dismissed* for failure to exhaust is treated as a continuation of that previous petition for purposes of the statute of limitations.  And there is authority, albeit authority that arose in different context, that suggests that a where a habeas petition is dismissed pursuant to *Rose* because it contained both exhausted and unexhausted claims, "[i]t is … appropriate to treat the initial mixed petition as though it had not been filed." *Slack*, 529 U.S. at 487-88. *See also Strouth v. Colson*, 680 F.3d 596, 600 (6th Cir. 2012) (explaining that habeas petition that petitioner had filed in 1988, and that was dismissed without prejudice so petitioner could exhaust remedies in state court, was not "relevant" to new petition petitioner had filed "because [the 1988 petition] no longer exist[ed]. The effect of dismissing a [habeas

petition] without prejudice, as the district court did here, is to 'treat [it] as if it never existed.'" (quoting *Hull v. Kyler*, 190 F.3d 88, 103-104 (3d Cir. 1999)).[7]

In light of Holloway's failure to cite authority that the Court can treat his motion to re-open this action as a continuation of his long-dismissed petition from 1988, and the additional authority discussed above that suggests that the Court must treat the 1988 petition "as if it never existed" *Strouth*, 680 F.3d 600, Holloway has not persuaded the Court that his petition is timely under AEDPA's statute of limitations. Therefore, the Court will not re-open these proceedings.

## C

Holloway further contends that AEDPA's one-year statute of limitations does not bar his claim for habeas relief because the Court should deem that limitations period equitably tolled for two reasons: (1) state officials destroyed his records and prevented from acquiring certain transcripts and his criminal case file and (2) he is actually innocent. Holloway has not persuaded the Court that he is entitled to equitable tolling on either basis.

---

[7] *Cf. Watkins v. Haas*, 2021 WL 3912754, at *4 (E.D. Mich. Sept. 1, 2021) ("Every circuit that has considered the matter has held that a new habeas petition cannot relate back to a prior habeas petition that was dismissed because that prior case was no longer pending when the subsequent petition was filed").

**1**

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florda*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (same). Here, Holloway argues that an extraordinary circumstance stood in the way of his timely filing: namely, a prison guard destroyed in his personal property – including his legal papers – in 1990, and that act prevented Holloway from recreating his legal files since that time.

Respondent has raised a fair question about whether Holloway may have had more access to his records than he claims. (*See* Resp., ECF No. 31, PageID.45.) For example, Respondent notes that Holloway repeatedly cited to his state trial transcripts while pursuing relief in the Michigan Court of Appeals in the early 2000s. (*See id.*)

But in any event, Holloway's request for equitable tolling fails because he has not shown that he diligently pursued his rights during the twenty-four years since AEDPA was enacted. He alleges that he has been trying to obtain transcripts and other records in his criminal case since they were allegedly destroyed in 1990, but he has not provided the Court any documents that substantiate that claim. As

described above, he has submitted only two records supporting that contention, and those records establish, at most, that Holloway began contacting the state courts in 2018. (*See* Exs. to Resp. to Order to Show Cause, ECF No. 27, PageID.19-20.) Holloway has not shown that he attempted to re-create his criminal file before that time.   Simply put, Holloway has failed to persuade the Court that he diligently pursued his rights.

Moreover, Holloway has not sufficiently explained how his lack of a complete case file prevented him from moving to re-open this action before the expiration of AEDPA's limitations period.  According to Holloway's own account, when AEDPA was enacted in 1996, he had already been diligently trying to obtain his trial transcripts and other court documents for six years.  It should have been clear to him at that point that he was not going to be able to obtain the transcripts and records, and he should have moved to re-open the proceedings without those documents – which is, of course, exactly what he has now done some twenty-five years later. Simply put, Holloway was in the same position in 1996 that he is in today – at the unsuccessful end of a diligent search for records – and he thus could have filed the same motion to re-open proceedings in 1996 (and before the expiration of AEDPA's limitations period) that he only recently filed.  Under these circumstances, the Court

concludes that Holloway has not acted with sufficient diligence to warrant equitable tolling based on the alleged destruction of his legal materials.[8]

## 2

Holloway is also not entitled to equitable tolling based on his claim that is he is actually innocent of the crimes for which he is incarcerated and/or that the prosecutor failed to prove the charged crimes beyond a reasonable doubt. "A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief" such as AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But "tenable actual-innocence gateway pleas are rare[.]" *Id.* at 386. "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

---

[8] For all of these same reasons, Holloway has not shown that he is entitled to relief from judgment under Federal Rule of Civil Procedure 60(b).

Holloway has not satisfied this burden. He alleges that his convictions were based solely on circumstantial evidence, but he has not presented the Court with any new and reliable evidence that he is actually innocent. He is therefore not entitled to federal habeas relief based to on his claim of actual innocence.

### III

For the reasons explained above, Holloway's request for habeas relief is barred by AEDPA's one-year statute of limitations, and Holloway has not persuaded the Court that he is entitled to equitable tolling of this limitations period. Accordingly, Holloway's motion to re-open this case (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

13